# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANET RADKE, | Case No.: 2:10-cv-00556-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#16) |
| GUY SANDERS, individually; GES EXPOSITION SERVICES; VIAD CORP.; TEAMSTERS LOCAL 631; and DOE INDIVIDUALS 1 through 300 and ROE BUSINESS OF GOVERNMENTAL ENTITIES 1 through 300, inclusive, | |
| Defendants. | |

Before the Court is Defendant Teamsters Local 631's (the "Union") **Motion to Dismiss** (#16), filed August 6, 2010. The Court has also considered Plaintiff Janet Radke's Opposition (#24), filed August 31, 2010, and the Union's Reply (#25), filed September 8, 2010. The Court also takes judicial notice of Radke's EEOC complaints dated June 25, 2009 and December 22, 2009 (#24, Ex. 3–4).

/

/

/

1

**BACKGROUND**

This case arises out of alleged sexual discrimination by Guy Sanders against Janet Radke. The following facts are as alleged by Radke unless otherwise stated. Radke and Sanders were co-workers at GES Services, Viad Corp., and Teamsters Local 631. The Union, however, states that neither Radke nor Sanders were ever employed by the Union but were merely members of the Union. Radke filed a complaint with the EEOC against both GES Services and the Union. In the charge against GES Services, Radke marked the box for sex discrimination and described sexual harassment at her workplace with GES Services. However, in the charge against the Union, Radke only marked the 'other' box and stated that she was denied union representation when she complained of sexual harassment at work. The EEOC investigated and issued a Dismissal and Notice of Rights. This suit followed. For the reasons outlined below, the Court grants the Union's Motion to Dismiss.

**DISCUSSION**

**I.     Jurisdiction**

    **A.     Legal Standard**

Under Fed. R. Civ. P. 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. The purpose of a complaint is to give the defendant fair notice of the factual basis of the claim and of the basis for the court's jurisdiction. *See* Fed. R. Civ. P. 8; *Skaff v. Meridien North America Beverly Hills, LLC*., 506 F.3d 832, 843 (9th Cir. 2007). When reviewing a Rule 12(b)(1) motion, the court views the allegations in the plaintiff's complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Thus, the plaintiff has the burden of proving jurisdiction to survive the motion. *Tosco Corp. v. Cmtys for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). However, a district court may consider evidence outside the pleadings when ruling on a Rule 12(b)(1) motion, *Farr v. United States*, 990 F.2d 451 (9th Cir. 1993), such as EEOC charges.

/

To establish federal subject matter jurisdiction over Title VII claims, plaintiffs must first exhaust their administrative remedies before seeking federal adjudication of those claims. 42 U.S.C. § 2000e-5(b) (2006); *see also Paige v. State of California*, 102 F.3d 1035, 1041 (9th Cir. 1996). "'[T]he jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation.'" *Paige*, 102 F.3d at 1041 (quoting *EEOC v. Farmers Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)).

"Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.'" *Green v. L.A. Cty. Superintendent of Sch.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989) (quoting *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984)). Therefore, "[t]he jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). Essentially, if the claims brought to the district court are not so related to the prior EEOC charge and investigation that further EEOC action would be redundant, then a federal suit cannot be initiated on the new claims. *Brown*, 347 F.3d at 730. Therefore, a district court must inquire as to whether the original EEOC investigation would have encompassed the new or additional charges made in the court complaint but not included in the EEOC charge itself. *Freeman v. Oakland Unified School Dist.*, 291 F.3d 632, 636 (9th Cir. 2002).

**B.  The Court Lacks Jurisdiction over the Sexual Harassment Claims against the Union**

Since the charge Radke filed with the EEOC did not include a claim against the Union for sexual harassment or a charge that would lead the EEOC to investigate the Union for sexual harassment, the Court lacks jurisdiction over the Title VII claims against the Union. *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003); *see also Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) ("substantial compliance with the presentment of discrimination complaints as to an appropriate agency *is* a jurisdictional prerequisite") (emphasis

in original). Here, Radke's EEOC charge did not allege that the Union sexually harassed her, that the Union was complicit in Sanders' alleged sexual harassment, or was otherwise liable for Sanders' alleged acts. Therefore, Radke's EEOC complaint does not allow this Court jurisdiction over a sexual harassment complaint against the Union.

The only claim against the Union in the EEOC charge is that Radke was denied union representation. While this claim references the alleged sexual harassment, it does not imply that the Union was responsible for the harassment or participated in the harassment. Even construing the claim liberally, the EEOC would have had no reason to investigate sexual harassment against the Union. The EEOC charge did not give any reason to the EEOC to investigate sexual harassment by the Union. The EEOC would have had to expand their investigation if this charge had been made and therefore additional sexual harassment investigation would not have been redundant. The EEOC charge is then insufficient to create jurisdiction over the sexual harassment claims against the Union. Therefore, the Court dismisses the sexual harassment and related claims (the first through fourth causes of action) against the Union for lack of subject matter jurisdiction.

**II.     Failure to State a Claim**

The Court lacks jurisdiction over Radke's sexual harassment claims. Nonetheless, the Court does have jurisdiction over Radke's remaining claims and will address some alternative grounds for dismissing Radke's sexual harassment claims.

    **A.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

AO 72
(Rev. 8/82)

1   (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise
2   above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a
3   complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its
4   face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).
5              In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to
6   apply when considering motions to dismiss.  First, a district court must accept as true all well-pled
7   factual allegations in the complaint; however, legal conclusions are not entitled to the assumption
8   of truth.  *Id.* at 1950.  Mere recitals of the elements of a cause of action, supported only by
9   conclusory statements, do not suffice.  *Id.* at 1949.  Second, a district court must consider whether
10  the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 1950.  A claim is
11  facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a
12  reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 1949.  Where
13  the complaint does not permit the court to infer more than the mere possibility of misconduct, the
14  complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal
15  quotation marks omitted).  When the claims in a complaint have not crossed the line from
16  conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.
17      **B.     Failure to State a Claim**
18              **i.      Sexual Harassment Claims**
19              Radke's first four causes of action allege sexual harassment through a hostile work
20  environment and allege that the Union is responsible for not preventing it.
21                      **1.      Hostile Work Environment**
22              To allege a hostile work environment under Title VII a plaintiff must show "(1) she
23  was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome;
24  and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment
25  and create an abusive work environment." *Porter v. California Dept. of Corrections*, 419 F.3d
26  /

5

885, 892 (9th Cir. 2005).  A plaintiff must also show that the working environment was both objectively and subjectively hostile.  *Harris v. Forklift Sys., Inc*. 510 U.S. 17, 21–22 (1993).

Here, Radke does not manage to allege a hostile work environment or explain why the Union would be responsible for such an environment at GES Services.  First, Radke alleges only two instances of inappropriate conduct in her complaint, though she attempts to allege more in her response.  In the complaint, Radke alleges a single instance of inappropriate physical contact and that she received multiple inappropriate text messages on one single day.  Radke does allege that this affected her and made her fear continued harassment, but she does not allege that harassment continued or was pervasive.

Also, importantly, Radke fails to explain how the Union would be responsible for a hostile work environment in the first place.  Radke does allege that Sanders was employed by all three defendants but does not provide any factual support whatsoever of her contention that Sanders was a Union employee and not merely a member of the Union.  Plaintiff seems to confuse union membership with employment by the union; the two are not the same.  Nonetheless, this is not material as the Court lacks jurisdiction over these claims and the discrimination allegedly took place at GES Services.

Plaintiff does not provide sufficient facts to support her claims of a hostile work environment.  Such unsupported claims cannot survive a motion to dismiss.  Therefore, the Court would dismiss Radke's hostile work environment claims (first and fourth cause of action) if the Court had jurisdiction over the claims.  For the same reasons, the Court would dismiss Radke's claims for attorney's fees related to sexual harassment (second and third causes of action).

**2.     Union Liability for Inaction**

Radke's claims that the Union is liable for discrimination at her workplace are unfounded.  Unions are not liable for discrimination in the workplace unless they are the actual employer involved, the union causes or attempts to cause the employer to discriminate, if the union prevents or obstructs the employer from making reasonable accommodations, if the union

"'pursue[s] a policy of rejecting disparate-treatment grievances,'" or in some other way actively discriminates. *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 832 (8th Cir. 2002) (quoting *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 669 (1987)); *see also EEOC v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 659 (7th Cir. 2003) ("[W]e reject the EEOC's contention that unions have an affirmative duty to prevent racial harassment or other forms of unlawful discrimination in the workplace."). Therefore the Union would not be liable for any of the alleged sexual harassment in this case because it merely failed to act and take remedial measures which may not even have been available to it. And again, even taking Radke's assertion that she and Sanders were also employed by the Union, Radke's EEOC charge states that the she was harassed while working for GES Services, not the Union. Therefore, the Court would dismiss Radke's sexual harassment type claims against the Union (the first through fourth causes of action) if the Court had jurisdiction over those claims.

   **ii.**  **Other Claims**

     **1.**  **Intentional Infliction of Emotional Distress**

The Court also dismisses Radke's claim for intentional infliction of emotional distress against the Union. Nevada law requires a showing of "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Dillard Dept. Stores, Inc. v. Beckwith*, 115 Nev. 372, 378 (Nev. 1999). Here, Radke has not shown any facts sufficient to meet these elements. The only conduct that Radke alleges against the Union is that it failed to act to prevent discrimination in her workplace. This is insufficient as a matter of law. Therefore the Court dismisses Radke's claim of intentional infliction of emotional distress against the Union (sixth cause of action).

/

/

/

7

AO 72
(Rev. 8/82)

### 2. Pain and Suffering and Emotional Distress

Radke's fifth and seventh claims for "pain and suffering" and for "emotional distress" do not have any support in her complaint. They are merely allegations without the factual support and plausibility required by *Twombly* and *Iqbal*. Therefore the Court dismisses these claims (fifth and seventh causes of action).

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#16) is GRANTED.

Dated: November 23, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**